**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOANN TERRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-1155-O-BP** |
| | § | |
| **JUDGE SERGIO L. DELEON,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated November 5, 2025, the Court granted *pro se* Plaintiff JoAnn Terry leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 9. The Order withheld service of process in the case until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* The same day, the Court ordered Terry to complete a questionnaire providing more information about her claims. ECF No. 11. Terry completed the questionnaire on December 9, 2025. ECF No. 12. After considering the complaint, completed questionnaire, and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the complaint without prejudice.

## I.      BACKGROUND

Terry filed suit on October 15, 2025 against Judge Sergio DeLeon. ECF No. 1 at 1. She claims Judge DeLeon violated her Fifth and Fourteenth amendment rights of due process and equal protection, specifically the right to be heard and receive a fair trial. *Id.* at 3. In her questionnaire, Terry states she was a party to a case pending in the Justice of the Peace Court Number Five, of Tarrant County, Texas. *See* ECF No. 12 at 1. Terry appealed that court's decision to the County

Court at Law Number One, for Tarrant County Texas. *Id.* at 2. Terry states that her appeal is still pending. *Id.*

Terry claims Judge DeLeon willfully misapplied the law when hearing the state court action against her. ECF No. 12 at 1. She contends that Judge DeLeon violated Due Process when he ruled that she had not sufficiently proven her case. *Id.* Terry also claims that Judge DeLeon "banged his gavel" when she attempted to correct the Judge's misunderstanding of the facts which was a further violation of her Due Process rights. *Id.* at 2. She seeks an order holding the Plaintiff who sued her "responsible for sabotaging [her] rental assistance." *Id.* at 4.

## II.   LEGAL STANDARDS

### 28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, § 1915(e)(2)(B) authorizes the court to screen the plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff

2

has pleaded her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## III.   ANALYSIS

### A.   The Court should dismiss Terry's claims against Judge DeLeon because judicial immunity applies.

The Court should dismiss Terry's claims against Judge DeLeon because he is immune from such an action. "Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction." *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *3 (5th Cir. Jan. 13, 2025) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). Dismissal is proper because Judge DeLeon enjoys judicial immunity from civil actions for any judicial act over which his court has jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id*. Repeatedly, district courts have stated that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Ramirez v. Abdal Khallaq*, 4:17-cv-093-Y, 2019 WL 764420, *3 (N.D. Tex. Feb. 21, 2019); *Morgan v. City of Fort Worth, Tex.*, 4:13-cv-004-Y, 2013 WL 3196580, *2 (N.D. Tex. June 25, 2013) (involving, among others, a Tarrant County associate family law judge); *see Mireles*, 502 U.S. at 11 (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) & *Stump*, 435 U.S. at 360); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Here, Terry sues Judge DeLeon alleging constitutional violations resulting from the disposition of her underlying case in justice court. ECF No. 12 at 1. She alleges that Judge

DeLeon's actions in the state court case deprived her of a meaningful opportunity to be heard and constituted violations of due process and equal protection. ECF No. 12 at 1, 3. However, judicial immunity prevents suit against Judge DeLeon because his actions in a state court proceeding against Terry were judicial acts and were not performed in the "clear absence of all jurisdiction." *Laird*, 2025 WL 79826 at *3. Terry does not allege that Judge DeLeon's actions were nonjudicial in nature or that he took them in the complete absence of all jurisdiction. Because the complained-of conduct by Judge DeLeon was judicial in nature and was undertaken pursuant to the jurisdiction of the Justice of the Peace Court Number Five, of Tarrant County, Texas, Judge DeLeon is entitled to absolute judicial immunity. As a result, dismissal of the claims against Judge DeLeon is appropriate because Terry's accusations do not rebut judicial immunity and are legally frivolous.

**B.     Dismissal also is appropriate because Terry has not stated a claim on which relief may be granted.**

Title 28 U.S.C. § 1915(e)(2)(ii) requires a court to dismiss an action brought *in forma pauperis* if it does not state a claim upon which relief may be granted. Dismissal under Section 1915(e)(2)(ii) follows the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir. 2005)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). It must also include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To decide whether the pleadings state a claim upon which relief can be granted, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In her complaint, Terry alleges several constitutional violations by Judge DeLeon, including deprivations of her rights to Due Process and Equal Protection. ECF No. 1. However, she does not state facts in support of the violations that would establish the elements of the causes of action, instead giving only the name of the violation without further support of any kind. *See id.*; *Iqbal*, 556 U.S. at 678. Even under the liberal construction that the Court gives to *pro se* pleadings, Terry has not stated any facts to support claims upon which relief could be granted. As a result, the undersigned recommends dismissal under 28 U.S.C. § 1915(e)(2)(ii). *See Estelle*, 429 U.S. at 106.

### C.    Terry's claims should be dismissed without leave to amend.

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit has recommended that dismissal of suits for failure to state a claim be without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

As a result, a district court must generally afford a *pro se* plaintiff an opportunity to amend before dismissing for failure to state a claim. *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However,

where the Court determines that a *pro se* plaintiff has had the opportunity to state her best case, the Court may dismiss the complaint with prejudice. *See, e.g., id.*; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054) (affirming the district court's dismissal with prejudice where the *pro se* plaintiff's response to a questionnaire showed he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with prejudice where *pro se* plaintiff's questionnaire and objections to magistrate judge's recommendation showed he had pleaded his best case); *Hunter v. Wilson*, 3:16-cv-1289-L-BN, 2016 WL 9781808, at *2-4 (N.D. Tex. Sept. 16, 2016), rec. adopted, 3:16-cv-1289-L, 2017 WL 4539431 (N.D. Tex. Oct. 11, 2017).

Here, Terry has filed her complaint and provided further detail in her questionnaire responses. The Court concludes that she has pleaded her best case against Judge DeLeon. Because any further amendment would not be likely to state a viable claim against Judge DeLeon, any further amendment would be futile. And amendment would be futile because Judge DeLeon is immune from such actions that arise from his judicial acts. *See Laird*, 2025 WL 79826 at *3. Thus, Chief Judge O'Connor should dismiss Terry's claims against Judge DeLeon without leave to amend.

## IV.   CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the complaint without prejudice because Judge DeLeon is entitled to judicial immunity in this case, and Terry has not stated a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

6

with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

     **SIGNED** on March 2, 2026.

                                        _____

                                        Hal R. Ray, Jr.
                                        UNITED STATES MAGISTRATE JUDGE